Morgan, I.,
dissenting. The relator presented a petition to the Judge of the Superior District Court, in which he alleged that a large amount of tases of the revenue of 1874 were about being paid into the treasury, which should be paid to him and to other holders of warrants on the State treasury.
That Robert Ray had filed a suit in that court against the Treasurer, in which he had prayed for and obtained an injunction prohibiting him from paying any other warrants than those held by Ray, or others of like nature, and especially from paying the warrants held by relator and others of like nature; that he is informed by the clerk that the petition is not on file, but that it is in the possession of the plaintiff, and therefore that he, relator, can not know its allegations, and that he only has knowledge of the injunction issued thereon; that relator’s warrants are of equal validity, date and rank with those held by Ray, and should be paid equally with Ray’s; that the preference allowed by said injunction to Ray is a manifest and irreparable injury to him, relator, and was granted without notice to him, and without furnishing any bond to secure him against the damages he will suffer by the preference given by said injunction ; that he has an interest in contesting the claim and pretensions of Ray, but that it is impossible for him at this time, and before the injury shall become irreparable, and that it-is necessary to prevent the treasurer from paying any of the warrants drawn on him by the Auditor against the revenues of 1874 until the rights of the parties and all in interest can be definitely settled; that by reason of said suit and the orders thereon, Ray is obtaining a preference contrary to law, and is thus violating the constitution of the State of Louisiana, and is virtually depriving him of his property without due process of law, contrary to the constitution of the United States; that he prayed that-the treasurer be enjoined and prohibited from paying any warrants on the revenues of 1874 until the right of parties in interest in the suit of Ray'u. Dubuclet can be'finally determined, after proper parties are made thereto, or be permitted to intervene and be heard therein; that there be reserved to him his rights for such damages as he may suffer; that his injunction may be made perpetual; that he made the necessary affidavit and offered a sufficient bond; and that the judge rendered judgment as follows: “Injunction refused,” and signed it; that he moved for a suspensive appeal from *675 this judgment, tendering a sufficient bond therefor, which was refused.
He prays for a mandamus to the district judge commanding an appeal to be allowed him, and for a writ of prohibition forbidding the judge from taking further cognizance of the case of Ray v. Dubuclet, forbidding Ray from prosecuting his suit and the Treasurer from complying with the order rendered in that case, until the further order of this court.
In my opinion both orders should be granted.
That the relator had a right to intervene in the suit of Ray v. Dubuclet, I think, can not be‘seriously denied, and that, having intervened, he would be entitled to an appeal from any judgment rendered therein, interlocutory or final, which did him an irreparable injury, is, it seems to me, clear.
In this instance he could not intervene, because there was no petition on the files of the court in which he could file an intervention.
Now, what did the relator ask at the hands of the district judge? Simply that an injunctionftissue prohibiting the Treasurer from proceeding under the injunction issued in favor of Ray until he can intervene in the suit out of which the injunction issued. This the court refused.
I think the relator was entitled to the injunction.
An injunction may compel parties or public officers to do certain acts, as well as restrain them from acting. It is as effective to enforce a right as to prevent a wrong. C. P. 298; McDonogh v. Calloway, 7 R. 442, 2 An. 773.
It seems to me that whenever one has the right to enjoin, he has the right to appeal from an order refusing him an injunction in any case where the appellate court has jurisdiction.
In the case of the State v. Lewis, 7 M. 457, the court held that, an appeal will lie from the refusal of a judge to enjoin a sale.
The relator alleges that he is the holder of certain warrants drawn by the proper officer of the. government upon the treasury; that a party has obtained from the district judge an order enjoining the Treasurer from paying any warrants except the one held by him and others of similar character; that the petition upon which the injunction issued is not on the files of the court; he alleges that he is enjoined by this injunction, and prays for a counter injunction until he can intervene and proper parties may be made, that it may be ascertained whether the original injunction properly issued. His application is denied. He asks for an appeal. I think he is entitled to it.